UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

RAMONE JONES,

        Petitioner

Civil Action No.
12-CV-12675

HON. MARK A. GOLDSMITH

vs.

JOAN ROGGENBUCK,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL

This is a habeas case filed by a Michigan state prisoner under 28 U.S.C. § 2254.

Petitioner Ramone Jones is confined to the Woodland Center Correctional Facility in Whitmore, Lake, Michigan. Petitioner filed a petition for writ of habeas corpus with this Court on June 19, 2012. In that petition, Petitioner failed to identify the conviction or convictions which he was challenging, even by approximate date or year, failed to set forth facts showing that he was entitled to habeas relief, and failed to specify the constitutional violations that he asserts form the basis for habeas relief. The petition was wholly insufficient for the Court to perform its screening duties under the Rule 4 of the Rules Governing Section 2254 Cases, and did not provide Respondent fair notice of Petitioner's claims sufficient to respond to the petition. *See* Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254, Rules 2, 4 and 5; *see also* Fed. R. Civ. P. 8. The Court ordered the petition summarily dismissed, without prejudice to Petitioner re-filing a petition sufficient to give the Court and the State notice of the convictions or sentences challenged, the constitutional violations alleged, and the facts which form the basis for habeas

relief. *See Jones v. Roggenbuck*, No. 12-12675 (July 12, 2012) (Opinion and Order of Summary Dismissal Without Prejudice).

Petitioner did not seek reconsideration of the Court's order of dismissal, or file another petition. Instead, Petitioner sent a letter to the Court requesting an attorney to assist Petitioner in filing a new habeas petition. The Court construes this letter as a motion for appointment of counsel. In Petitioner's request, he asserts that the Court should appoint an attorney to assist him in re-filing his habeas petition because he is mentally ill, he is incapable of preparing legal papers without help, and he was moved away from the prisoner who was going to help him re-file his habeas corpus petition.

There is no constitutional right to the appointment of counsel in a habeas proceeding. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[o]ur cases establish that the right to appointed counsel extends to the first appeal of right, and no further"); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) ("a petitioner does not have a right to assistance of counsel on a habeas appeal") (citing *McCleskey v. Zant*, 499 U.S. 467, 495 (1987)). Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required. *Lemeshko v. Wrona*, 325 F. Supp. 2d 778, 787 (E.D. Mich. 2004); *see* Rule 8(c), Rules Governing Section 2254 Cases in the United States District Courts. Otherwise, the matter lies within the discretion of the court. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). An indigent habeas petitioner may obtain representation at any stage of the case "[w]henever the United States magistrate or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a) (2)(B).

The Court concludes after careful consideration that the interests of justice do not require appointment of counsel at this time. In reaching this conclusion, the Court considers Petitioner's

filings in this case, as well as in a civil rights case filed in the Western District of Michigan. *See Jones v. Caruso*, No. 11-65 (W. D. Mich.). Petitioner's civil case in the Western District was filed on February 22, 2011, was served on various defendants, and resulted in summary judgment being granted to all remaining defendants on September 27, 2012. This judgment is currently on appeal to the United States Court of Appeals for the Sixth Circuit. *See id.; see also Jones v. Caruso,* No. 12-2374 (6th Cir.).

Petitioner has proceeded *pro se* at all stages in that litigation, including on appeal. Reviewing Petitioner's filings in that case, the Court finds that Petitioner has been able to identify his various state and federal litigations, raise and brief specific issues, file motions for appointment of counsel, motions for release, motions for extension of time, responses to defendants' motions for summary judgment, a motion for sanctions, objections to the magistrate judge's report and recommendation, a motion for a certificate of appealability, a notice of appeal, a motion to extend the briefing page limit, and a 10,000-word brief on appeal. *See, e.g., Jones v. Caruso*, No. 11-65 (W. D. Mich.) (Docket entries 1, 10, 16, 17, 25, 35, 36, 48, 49, 51, 55, 72 and 73); *Jones v. Caruso*, No. 12-2374 (6th Cir.) (Docket entries 1, 2, 5, 6 and 8). Many of these filings, including all Petitioner's filings on appeal, have taken place in the months since Petitioner alleges that he was moved away from the prisoner who was going to assist him in filing a new habeas petition. The filings are handwritten in what appears to be Petitioner's own handwriting.

Petitioner has demonstrated in that case an ability to raise and argue factual and legal issues, and to comply with rules of federal procedure both in the district court and on appeal. In light of Petitioner's filings, the Court finds that this action is not the unusual case for which the interest of justice requires the appointment of counsel.

Accordingly, it is **ORDERED** that Petitioner's request for appointment of counsel [Dkt. 8] is **DENIED**.


Dated: March 7, 2013            s/Mark A. Goldsmith
    Flint, Michigan            MARK A. GOLDSMITH
                               United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 7, 2013.

                                         s/Deborah J. Goltz
                                         DEBORAH J. GOLTZ
                                         Case Manager